UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HUMANA INC., <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., TEVA NEUROSCIENCE, INC., ADVANCED CARE SCRIPTS INC., and ASSISTRX INC., | Case No. 6:21-cv-72-Orl-41DCI <br><br> **MOTION TO DISMISS** |

### DEFENDANT ASSISTRx INC.'S MOTION TO DISMISS

Humana Inc.'s shotgun-style complaint asserts a smorgasbord of fraud-based claims against AssistRx Inc.  Humana's complaint, however, fails to plead the claims against AssistRx with the particularity that Federal Rule of Civil Procedure 9(b) requires.  With respect to AssistRx, the complaint contains only threadbare, formulaic recitations of fraud and generalized allegations that impermissibly lump all of the defendants together.  Rule 9(b), which is designed to protect a defendant from spurious allegations of fraud that can damage the defendant's good will and reputation, requires far more than that.  Humana's claims against AssistRx should therefore be dismissed.

### BACKGROUND

AssistRx is a healthcare company that, through a blend of proprietary software technology and therapy expertise, provides services and solutions that advance

patient therapy in a more efficient and effective manner.  AssistRx's clients include pharmaceutical companies such as Teva Pharmaceuticals USA, Inc.[1]

One component of AssistRx's work in support of patients is to help Medicare Part D patients suffering from serious diseases obtain financial aid from charitable foundations that provide assistance to patients who otherwise might not be able to afford their Medicare Part D co-pays.  AssistRx identifies a co-pay assistance charity with available financial aid, determines whether the patient meets the charity's eligibility requirements, and connects the patient with the charity.  If the patient is Medicare-eligible but has not yet enrolled in the Medicare Part D program, AssistRx helps the patient with the Medicare Part D enrollment process so that the patient can receive the important prescription drug benefit to which he or she is entitled under federal law.  *See* Compl., ¶ 54.  AssistRx began doing this work in support of multiple sclerosis patients in 2015, pursuant to a services contract with Teva.  *See, e.g.*, *id.*, ¶ 5.  AssistRx provides similar support services for patients suffering from other serious diseases.

---

[1] Paragraph 4 of Humana's complaint describes AssistRx as a "specialty pharmac[y]." Compl., ¶ 4.  AssistRx, however, is not a pharmacy.  AssistRx does not dispense medications and does not receive reimbursements from private insurance companies or the Medicare program.  One of AssistRx's subsidiaries recently established a non-commercial pharmacy for certain specialty medications, but that non-commercial pharmacy business was not in operation during the time period relevant to Humana's complaint.

95262526_1

Federal law permits pharmaceutical companies such as Teva to donate money to co-pay assistance charities, including by earmarking their donations for patients suffering from a specific disease.[2] Many of the multiple sclerosis patients that AssistRx has helped received co-pay assistance as a result of the financial contributions that Teva made to various charities.

## ARGUMENT

### I. The Court Should Dismiss Humana's Claims Against AssistRx Because the Complaint's Allegations Against AssistRx Fail to Satisfy Rule 9(b)'s Heightened Pleading Standard.

The Court may dismiss all of Humana's claims against AssistRx for a simple, straightforward reason: all of the claims sound in fraud and are therefore subject to Rule 9(b), yet the complaint's allegations against AssistRx do not come close to satisfying Rule 9(b)'s heightened pleading standard.

#### A. Rule 9(b) Requires Fraud-Based Claims to Be Pled With Particularity.

A complaint alleging fraud "must state with particularity the circumstances constituting [the defendant's alleged] fraud . . . ." Fed. R. Civ. P. 9(b). To satisfy

---

[2] As the Office of the Inspector General has recognized, co-pay assistance charities "have long provided important safety net assistance to" financially-disadvantaged patients, "many of whom have chronic illnesses and high drug costs." HHS-OIG, *Supplemental Special Advisory Bulletin: Independent Charity Patient Assistance Programs*, 79 Fed. Reg. 31120, 31120 (May 30, 2014). The OIG's guidance allows pharmaceutical manufacturers to make "cash donations to independent, *bona fide* chartable assistance programs," including donations that are "earmarked for one or more broad disease funds." *Id.* at 31121.

Rule 9(b)'s heightened pleading standard, a complaint "must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) (internal quotations omitted). A complaint satisfies Rule 9(b) only when "the circumstances of the [defendant's alleged] fraud are pled in detail. This means the who, what, when, where, and how [of the defendant's supposedly fraudulent conduct]: the first paragraph of any newspaper story." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (internal quotations omitted).

"In a case involving multiple defendants," a plaintiff does not satisfy Rule 9(b) where the complaint "simply lump[s] together all defendants and [is] devoid of specific allegations with respect to the separate defendants." *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1287 (M.D. Fla. 2009). "Under Rule 9(b), [a court] will not scour the allegations of a complaint to link unnamed defendants to particular [alleged] acts of fraud without some reasoned and plausible way to do so." *Cisneros v. Pentland, Inc.*, 972 F.3d 1204, 1217 (11th Cir. 2020). "Where the pertinent allegations of fraud lump all defendants together without specific assertions about a defendant's conduct, Rule 9(b) requires dismissal of that defendant." *United States ex rel. Silva v. VICI Mktg., LLC*, 361 F. Supp. 3d 1245, 1254 (M.D. Fla. 2019) (Covington, J.).

### B. Rule 9(b) Applies to All of Humana's Claims Against AssistRx Because All of the Claims Sound in Fraud.

The purpose of Rule 9(b) is not only to "alert[ ] defendants to the precise misconduct with which they are charged," but also to "protect[ ] defendants against spurious charges of immoral and fraudulent behavior," *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted), that could cause "harm to their goodwill and reputation."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006) (internal quotation marks omitted); *see id.* at 1278 ("The purpose of the rule is to protect a defendant's good will and reputation when that defendant's conduct is alleged to be fraudulent.").

Because Rule 9(b)'s "twin purpose" is "providing notice and protecting reputation," *id.* at 1277, courts apply Rule 9(b)'s "heightened pleading standard" whenever "the gravamen of the claim sounds in fraud . . . ."  *Blair v. Wachovia Mortg. Corp.*, No. 5:11-cv-566, 2012 U.S. Dist. LEXIS 33941, at *9-10 (M.D. Fla. Mar. 13, 2012) (Dalton, J.).  Courts therefore apply Rule 9(b) not merely to claims of fraud simpliciter, but also to RICO claims predicated on allegations of fraud, *see Cisneros*, 972 F.3d at 1215-17; unfair and deceptive business practices claims predicated on allegations of fraud, *see Blair*, 2012 U.S. Dist. LEXIS 33941, at *10-11; tortious interference claims predicated on allegations of fraud, *see ADT LLC v. Alder Holdings, LLC*, No. 17-cv-81237, 2018 U.S. Dist. LEXIS 191417, at *13-16 (S.D. Fla. Nov. 5, 2018); and unjust enrichment claims predicated on allegations of

5

95262526_1

fraud, *see Omnipol v. Worrell*, 421 F. Supp. 3d 1321 (M.D. Fla. 2019) (Covington, J.).

All of Humana's claims against AssistRx are clearly predicated on allegations of fraud.[3] The first sentence of Humana's complaint states that "[t]his action arises out of a scheme to bilk Medicare." Compl., ¶ 1. The second paragraph of the complaint says that the alleged scheme "was, in short, a fraud." *Id.*, ¶ 2. Each of the individual claims against AssistRx—or what the complaint calls "Counts"—are predicated on this alleged fraud scheme:

- Count I describes the purpose of the alleged "Copaxone [RICO] Enterprise" as being to "fraudulently increase [Teva's] sales of Copaxone." *Id.*, ¶ 81.

- Count II is based on allegations of "material misrepresentations and omissions designed to defraud Humana of money." *Id.*, ¶ 94.

- Count III is based on allegations of kickbacks that "caused the certifications of compliance with law provided to Humana to be fraudulent." *Id.*, ¶ 104.

- Count IV is based on allegations that "Defendants and their co-conspirators misrepresented to Humana that they were complying with federal and state laws." *Id.*, ¶ 111.

- Count V is based on allegations that "Defendants knowingly presented or caused to be presented to Humana statements in support of claims for insurance benefits for Copaxone that they knew contained false or misleading information." *Id.*, ¶ 119.

- Count VII, which is the tortious interference claim, incorporates all of the complaint's prior fraud allegations, *id.*, ¶ 128, and the only fair reading of

---

[3] Although the complaint is not entirely clear which claims Humana is asserting against AssistRx, undersigned counsel assumes that Count VI is the only claim that does not include AssistRx as a defendant.

6

the claim is that the defendants engaged in tortious interference by fraudulently providing kickbacks to Humana's beneficiaries, who then used those kickbacks to satisfy their prescription drug co-pay obligations.[4]

- Counts VIII[5] and IX are claims of fraud simpliciter.

- And Count X, which is the unjust enrichment claim, incorporates all of the complaint's prior fraud allegations, *id.*, ¶ 146, and is clearly predicated on the alleged fraudulent kickback scheme.

### C. None of Humana's Claims Against AssistRx Satisfies Rule 9(b)'s Heightened Pleading Standard.

AssistRx's work in support of financially-disadvantaged multiple sclerosis patients was not inherently unlawful. To the contrary, AssistRx's work helped to ensure that patients suffering from multiple sclerosis availed themselves of the Medicare Part D program's benefits and did not have to choose between filling the Copaxone prescriptions that their physicians had written, on the one hand, and paying their rent and buying groceries, on the other. Nevertheless, Humana's complaint calls AssistRx's work "fraudulent" and alleges that AssistRx's work "aided and abetted Teva's violations of law, including the Anti-Kickback Statute and False Claims Act . . . ." *Id.*, ¶ 32.

---

[4] Exhibit A to Humana's complaint demonstrates that Humana's specialty pharmacy, which filled many patients' Copaxone prescriptions, was aware when a patient's co-pay was subsidized by a co-pay assistance charity. Thus, Humana's tortious interference theory cannot simply be that AssistRx helped patients obtain financial aid from those co-pay assistance charities. Humana's theory must be predicated on the complaint's allegations of fraud and kickbacks.

[5] The complaint erroneously contains two separate claims styled as Count VII. This motion to dismiss corrects that error. This motion dismiss refers to the complaint's second Count VII as Count VIII, the complaint's Count VIII as Count IX, and the complaint's Count IX as Count X.

7

The complaint, however, contains nothing more than (1) formulaic allegations that AssistRx "aided," "supported," or "facilitated" Teva's alleged fraud scheme, *id.*, ¶¶ 32, 46, 62, 74; and (2) generalized allegations that impermissibly lump all of the defendants together and do not identify any specific fraudulent conduct committed by AssistRx.[6] In an obvious attempt to paste over the complaint's glaring failure to comply with Rule 9(b)'s particularity requirement, Humana peppers the complaint with colorful language to describe AssistRx's work, such as that the purpose of AssistRx's work was "to create a pot of gold" for Teva and that AssistRx "funnel[ed]" information to Teva. *Id.*, ¶¶ 54, 62. This is plainly insufficient to satisfy Rule 9(b).

Humana's complaint does not allege that AssistRx had a contractual, business, or fiduciary relationship with Humana. Moreover, the complaint does not allege that AssistRx ever received any money from or submitted any paperwork to Humana. The complaint's lack of particularized allegations of fraudulent conduct by AssistRx

---

[6] *See, e.g.* Compl., ¶ 31 ("Defendants misrepresented to Humana that they were complying with state and federal law."), ¶ 104 ("Defendants have engaged in unfair competition . . . ."), ¶ 106 ("Defendants . . . engaged in wrongful conduct while at the same time obtaining under false pretenses a significant sum of money from Humana."), ¶ 109 ("Defendants have engaged in fraudulent and deceptive business practices . . . ."), ¶ 111 ("Defendants . . . misrepresented to Humana that they were complying with federal and state laws, including laws against kickbacks and false claims to the government."), ¶ 118 ("Defendants have committed insurance fraud . . . ."), ¶ 119 ("Defendants knowingly presented or caused to be presented to Humana statements in support of claims for insurance benefits . . . that they knew contained false and/or misleading information."), ¶ 132 ("Defendants intended to and did induce Humana members to breach their obligations by making copayments for them."), and ¶ 134 ("Defendants have intentionally and willfully interfered with the contracts between Humana and its members.").

is therefore not surprising.  Notably, although Humana describes Exhibit A to the complaint as "examples of Defendants' fraudulent conduct," *id.*, ¶ 83, Exhibit A is simply a list of Copaxone prescriptions that Humana's specialty pharmacy filled between January 2011 and March 2016 for patients who received financial aid from a co-pay assistance charity.  Exhibit A does not even *mention* AssistRx, let alone contain an example of fraudulent conduct by AssistRx.

The complaint's allegations against AssistRx are so threadbare and conclusory that they would not even satisfy Federal Rule of Civil Procedure 8's ordinary pleading standard, let alone Rule 9(b)'s heightened pleading standard. *Agbottah v. Orange Lake Country Club*, No. 6:12-cv-1046, 2012 U.S. Dist. LEXIS 117662, at *7 (M.D. Fla. Aug. 18, 2012) (Dalton, J.).  As the court held in *Agbottah*, "[i]t is not enough to simply state that [the defendant's business conduct] was 'fraudulent' or that [d]efendant made 'misrepresentations.'  Such labels and legal conclusions are inadequate." *Id*. (dismissing plaintiff's claims for failure to satisfy both Rule 9(b) and Rule 8).

## II. AssistRx Incorporates and Adopts by Cross-Reference the Pertinent Legal Arguments in Support of Dismissal That the Co-Defendants Have Included in Their Motions.

In addition to the complaint's failure to comply with Rule 9(b) with respect to the claims against AssistRx, the claims AssistRx may also be dismissed on the grounds that (1) the complaint's allegations, even if assumed to be true, fail to state

9

a claim upon which relief can be granted; and (2) the complaint was filed after the expiration of the applicable statutes of limitations, which means Humana's claim's are time-barred. With respect to those grounds, which are common to some or all of the named defendants, AssistRx hereby incorporates and adopts by cross-reference the arguments that the co-defendants make in their respective motions to dismiss.

## CONCLUSION

For the reasons stated above, the claims against AssistRx should be dismissed. AssistRx respectfully requests that the dismissal be with prejudice.

Dated: April 2, 2021

Respectfully submitted,

*/s/ David Oscar Markus*
David Oscar Markus, FL. Bar #119318
Markus/Moss PLLC
40 N.W. Third Street
Penthouse One
Miami, FL 33128
Tel: (305) 379-6667
Fax: (305) 379-6668
dmarkus@markuslaw.com

Aaron M. Katz (*pro hac vice* motion pending)
Emma Notis-McConarty (*pro hac vice* motion forthcoming)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199
Tel: (617) 951-7117
Fax: (617) 951-7050
aaron.katz@ropesgray.com

10

95262526_1

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that counsel for Defendant AssistRx Inc. conferred with counsel for Plaintiff, who advised that Plaintiff opposes AssistRx's motion to dismiss.

/s/ *David Oscar Markus*
David Oscar Markus

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record.

*/s/ David Oscar Markus*
David Oscar Markus