# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HUMANA INC.,**

       **Plaintiff,**

v.            **Case No: 6:21-cv-72-CEM-DCI**

**TEVA PHARMACEUTICALS USA,
INC., TEVA NEUROSCIENCE, INC.,
ADVANCED CARE SCRIPTS INC. and
ASSISTRX, INC.,**

       **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Compel Document Production** |
| **FILED:** | **October 5, 2021** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

In connection with a wide-ranging Department of Justice (DOJ) investigation, Defendants Teva and Advanced Care Scripts (Defendants) produced a large number of documents—over 380,000—to the DOJ and Congress. In this case—which deals with a narrower issue[1]—Plaintiff Humana (Plaintiff) seeks cloned discovery of every single one of those documents.

---

[1] The Court is not persuaded by Plaintiff's assertion that its claim is just as broad as the DOJ investigation. *See* Doc. 63 at 2. Even assuming that Plaintiff's claim encompasses drugs other than Copaxone, Plaintiff has not shown that other documents provided to the government—such as documents related to research and development, manufacturing, patents, clinical testing, and executive compensation—are in any way relevant to its claims. *See* Doc. 66 at 1.

Courts in this district have clearly spoken on the issue of compelling "cloned discovery" from pre-suit governmental investigations. Generally, cloned discovery has not been compelled, even absent a showing of undue burden, unless the requesting party shows that all the cloned discovery is relevant. *See Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-cv-1180-J-32JBT, 2014 WL 12618327, at *2 (M.D. Fla. Jan. 31, 2014) (finding that "[p]laintiffs have not shown that all of the DOJ materials are relevant" and "[d]efendants should not be required to produce irrelevant documents regardless of any lack of burden to them") (citation omitted). As another court in this district stated when denying a similar request, "even if some of the documents sought ultimately may be relevant to this action, the request as drafted is an overbroad request for a document dump without any concern for whether the scope of the request is proportional to the needs of this case." *Nguyen v. Raymond James & Associates, Inc.*, No. 8:20-cv-195-T-36AAS, 2020 WL 6801874, at *3 (M.D. Fla. Nov. 19, 2020).

Plaintiff cites distinguishable caselaw in support of its argument. In *Jackson*, the court compelled a party to provide a single corporate representative to be deposed regarding a prior FTC investigation. *See Jackson v. Equifax Information Services LLC*, No. 1:13-cv-02382-RLV-RGV, 2014 WL 12784475, at *3 (N.D. Ga. May 21, 2014). Here, Plaintiff seeks the production of hundreds of thousands of documents. Further, the plaintiff in *Jackson* established relevance concerning the deposition; here, Plaintiff has not shown that all the documents at issue are relevant. In *Bishop*, the court compelled cloned discovery from a separate civil action—not a governmental investigation—regarding a Ponzi scheme. *See Bishop v. Baldwin*, 2020 WL 7320932, at *6 (S.D. Fla. Dec. 10, 2020). That distinction is critical here—especially considering other on-point decisions within the circuit. *See Nguyen*, 2020 WL 6801874, at *3 (M.D. Fla. 2020); *see also Arrowpac*, 2014 WL 12618327, at *2 (M.D. Fla. 2014).

In sum, Plaintiff has not shown that all the documents within this cloned discovery request are relevant to Plaintiff's claims. While "there may be a subset of relevant documents" within those provided to the DOJ, "the request as drafted is an overbroad request for a document dump without any concern for whether the scope of the request is proportional to the needs of this case." *Nguyen*, 2020 WL 6801874, at *3 (M.D. Fla. 2020).

Accordingly, the Motion (Doc. 63) is **DENIED**.

**ORDERED** in Orlando, Florida on October 19, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE