# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HUMANA INC.,**

        **Plaintiff,**

v.                                            **Case No: 6:21-cv-72-CEM-DCI**

**TEVA PHARMACEUTICALS USA, INC., TEVA NEUROSCIENCE, INC., ADVANCED CARE SCRIPTS INC. and ASSISTRX, INC.,**

        **Defendants.**

## ORDER

Plaintiff seeks an extension of the current Case Management and Scheduling Order (CMSO, Doc. 56) deadlines. Doc. 91 (the Motion). In the Motion, Plaintiff seeks an extension of all deadlines by at least six months. *Id.* Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. (the Teva Defendants) opposed this extension. Doc. 95. However, during the pendency of the Motion the parties[1] have compromised and jointly proposed extended deadlines. Doc. 104 at 2. The Court finds that an extension is warranted.

A case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) ("This good cause standard precludes

---

[1] Defendants Advanced Care Scripts, Inc. and AssistRx, Inc. also do not oppose the jointly proposed deadlines. Doc. 104 at 3.

modification unless the schedule cannot be met despite the diligence of the party seeking the extension.").

Here, the Court recently ordered that hundreds of thousands of documents be disclosed to Plaintiff. Docs. 97; 103. The Court finds that this disclosure satisfies the good cause standard; Plaintiff asserts it cannot conduct an adequate review of so many documents within the current CMSO deadlines. The Court agrees; therefore, the Motion is due to be granted in part.

In addition to the Motion, there are other related motions pending before the Court. As the Motion (Doc. 91) is due to be granted, Plaintiff's Motion for Leave to File Reply (in support of Doc. 91) (Doc. 96) is due to be denied as moot. Further, Defendant Teva Neuroscience, Inc. has filed two motions for protective order. Docs. 105; 106. It is represented that if the Motion (Doc. 91) is granted, these motions for protective order will be moot. Doc. 105 at 2; Doc. 105-3; Doc. 106 at 2. As the Motion is due to be granted, these motions for protective order are due to be denied as moot.

Accordingly, it is hereby **ORDERED** that:

1) The Motion (Doc. 91) is **GRANTED in part**, such that:

    a. The Discovery Deadline for Fact Discovery is extended to December 9, 2022;

    b. Plaintiff's Expert Report Disclosure Deadline is extended to January 13, 2023;

    c. Defendant's Expert Report Disclosure Deadline is extended to February 24, 2023;

    d. The Rebuttal Expert Report Disclosure Deadline is extended to March 24, 2023;

    e. An Amended CMSO will be entered by separate Order; and

    f. The Motion (Doc. 91) is **DENIED** in all other respects.

2) Plaintiff's Motion for Leave to File Reply (Doc. 96) is **DENIED** as moot;

3) Defendant Teva Neuroscience, Inc.'s Time-Sensitive Motion for Protective Order (Doc. 105) is **DENIED** as moot; and

4) Defendant Teva Neuroscience's Expedited Motion for Protective Order (Doc. 106) is **DENIED** as moot.[2]

**ORDERED** in Orlando, Florida on June 24, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The parties filed a number of these motions as "time sensitive" and also moved to have a motion referred to the undersigned. Those practices are disfavored, however well-intentioned. If the parties require particular scheduling flexibility (including in regard to a trial date certain), they are reminded of what the Court said in the Case Management and Scheduling Order concerning consent to the magistrate judge:

> Given this Court's heavy caseload, **proceeding before a Magistrate Judge can offer the parties a more expeditious resolution of their case and allow them to proceed to trial on a date certain** without the possibility of being continued due to criminal proceedings, which take precedence over civil cases. The parties can consent to proceed before a Magistrate Judge for all proceedings or for a specified motion at any time prior to the start of trial. Consent must be unanimous, but no party will face an adverse consequence for withholding consent. Consent forms can be found on Judge Mendoza's page on the Middle District of Florida website.

Doc. 56 at 9–10 (emphasis added).