|  UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>ORLANDO DIVISION ||
|---|---|
| HUMANA INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., *et al.*,<br><br>    Defendants. | Case No. 6:21-cv-72-Orl-41DCI |

**TEVA DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. (collectively, "Teva"), pursuant to Local Rule 3.01(i), hereby file this Notice of Supplemental Authority with respect to Teva's pending Motion to Dismiss [ECF No. 32] (p. 16, ¶ 2):

*MSP Recovery Claims, Series LLC v. Caring Voice Coal., Inc.*, No. 21-21317-Civ-GAYLES/TORRES, 2022 U.S. Dist. LEXIS 130487, at *31-34 (S.D. Fla. July 21, 2022) (Torres, M.J.) (recommending granting defendants' motions to dismiss):

> In the present case, Plaintiffs have failed to state claims under Sections 1962(c) and 1962(d) because they have not adequately pled Defendants' actions proximately caused their injuries. The RICO claim is based on a particularized allegation that CVC sent data and information about their profits to UT over the continuing period. In turn, UT would "donate" funds to CVC for them to steer or "funnel" patients to UT's hypertension drugs. While Plaintiffs fail to cite specific documents or statements made by either party, they discuss the OIG's investigation and subsequent settlement regarding the "association in fact" enterprise. The amended complaint alleges that this fraudulent conduct influenced more Assignors and Medicare insurers to aid CVC and enrollees with co-payments or similar reimbursements tied to UT's hypertension drugs.

> Plaintiffs incorporated the CVC's executive salary increases and the percent annual increase in the price of UT's hypertension drugs.
>
> Assuming that this alleged fraud satisfies Rule 9(b) in the first place to sustain an "association in fact enterprise," it is not enough to establish a "direct relation" to the "injury asserted." An injury and subsequent settlement with the U.S. government does not directly support a RICO cause of action for insurers like Plaintiffs' Assignors. See [*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006)] ("The direct victim of this conduct was the State of New York, not [the plaintiffs]. It was the State that was being defrauded and the State that lost tax revenue as a result."). Plaintiffs' amended complaint provides limited specificity regarding the existence of a potential RICO enterprise and fraud but then merely assumes in blanket fashion the existence of a proximately caused injury to the Assignors. Such an approach is contrary to well established Eleventh Circuit precedent.
>
> Plaintiffs' Assignors are essentially in the same boat as the plaintiffs in *Ironworkers*. They are Medicare insurers who must pay directly or reimburse Medicare beneficiaries' prescription costs, while the Ironworkers plaintiffs were tasked with directly purchasing prescription medications for enrollees. Even if Defendants committed the fraudulent activity to benefit themselves, it is unclear how this activity proximately damaged Plaintiffs' Assignors nor caused price inflation that directly injured them.

*Id.*

Dated: July 28, 2022                                    Respectfully submitted,

                                                        */s/ Alison Tanchyk*
Troy Brown (*pro hac vice*)                             Alison Tanchyk (Fla. 112211)
troy.brown@morganlewis.com                              alison.tanchyk@morganlewis.com
William McEnroe (*pro hac vice*)                        Justin Stern (Fla. 1010139)
william.mcenroe@morganlewis.com                         justin.stern@morganlewis.com
Morgan, Lewis & Bockius LLP                             Morgan, Lewis & Bockius LLP
1701 Market Street                                      600 Brickell Avenue, Suite 1600
Philadelphia, PA 19103-2921                             Miami, FL 33131-3075
Tel: 215.963.5000                                       Tel: 305.415.3444

                                                        *Counsel for Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2022, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record.

*/s/ Alison Tanchyk*
Alison Tanchyk
