**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HUMANA INC.,**

        Plaintiff,

v.                                                                      Case No: 6:21-cv-72-CEM-DCI

**TEVA PHARMACEUTICALS USA,**
**INC., TEVA NEUROSCIENCE, INC.,**
**ADVANCED CARE SCRIPTS INC. and**
**ASSISTRX, INC.,**

        Defendants.

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Expedited Motion to Compel Production of Humana 0801012 Based on Humana's At-Issue Waiver of Privilege (Doc. 132) |
| **FILED:** | November 18, 2022 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. (together, Defendants) seek to compel Plaintiff to produce a particular document that Plaintiff has asserted the attorney-client privilege over. Doc. 132 (the Motion). The Motion is due to be denied.

Defendants do not appear to challenge that the attorney-client privilege applies to the document. Rather, Defendants assert that Plaintiff has waived the attorney-client privilege over this document via the at-issue doctrine. Defendants assert that Plaintiff has placed its knowledge of the alleged unlawful scheme at issue; therefore, Plaintiff has waived its privilege over this

particular document, which Defendants assert is relevant to Plaintiff's knowledge of the alleged unlawful scheme.

The Eleventh Circuit has explained that "the attorney-client privilege was intended as a shield, not a sword," and that a party "waives the privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications." *Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1418–1419 (11th Cir. 1994) (citations and internal quotation marks omitted). The Circuit has further explained that a party waives the attorney-client privilege when that party places privileged information "in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." *Id.* at 1417 (quoting *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989)); *see also Knox v. Roper Pump Co.*, 957 F.3d 1237, 1248–1249 (11th Cir. 2020) (quoting *Cox*, 17 F.3d at 1417).

*Conkling*, which the Eleventh Circuit cited and quoted with approval in *Cox*, is instructive here. There, the defendant asserted at summary judgment that the plaintiff's RICO claims were time-barred because plaintiff knew of the underlying facts of the alleged scheme in 1963 (the case was filed in 1985). *Conkling*, 883 F.2d at 432–433. In response, the plaintiff filed an affidavit in which he attested that:

> On November 20, 1984, I retained [plaintiff's counsel]. . . . I detailed to [counsel] the facts and documents surrounding my acquisition of Nichols stock in 1962, and the June 28, 1963 "Agreement." During one of these discussions [counsel] informed me that it was his opinion that the statement in the June 28, 1963 "agreement" that [the defendants] owned 100% of the stock of Nichols was false. No one had informed me of the falsity of this statement prior to this discussion. I did not know that [the defendant's] statement was false until I was so informed.

*Id.* The court found that the plaintiff "injected into this litigation the issue of when he knew or should have known of the falsity of [the defendant's] assertion regarding the stock ownership." *Id.* at 435. The court then went on to find that:

> There is sufficient cause to permit the defendants to depose [plaintiff's counsel], but there is no necessity for the questions posed to the attorneys to go beyond: (1) when the attorneys told [the plaintiff] or gave him reason to believe that he had been defrauded by [the defendant]; (2) whether [the plaintiff] supplied any information relevant to that determination; (3) the specifics of that information; and (4) when it was supplied. This cabined inquiry will provide the defendants with the information relevant to their prescription defense. To the extent that the questions require the attorneys to disclose confidential communications from [the plaintiff], the attorney-client privilege has been waived.

*Id.* So, the *Conkling* court found that when the plaintiff relied upon his communications with counsel in attempting to defeat the defendant's statute of limitations defense, the plaintiff waived the attorney-client privilege over those communications to some extent.

Here, at this juncture, there has been no showing that Plaintiff has put privileged information "in issue through **some affirmative act** for [its] own benefit," let alone a showing that "to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." *Cox*, 17 F.3d at 1417 (quoting *Conkling*, 883 F.2d at 434). Unlike the plaintiff in *Conkling*, here Plaintiff has not performed an affirmative act (such as filing an affidavit which relies upon privileged communications to defeat an affirmative defense) that has placed any privileged communications at issue. While Plaintiff has alleged that Defendants fraudulently concealed their alleged unlawful scheme and that Plaintiff did not know of Defendants' alleged unlawful scheme prior to a United States Department of Justice investigation, Doc. 1 ¶ 74–75, Plaintiff has not sought to *rely* on any privileged communications to, for instance, defeat a yet-to-

be-pled statute of limitations affirmative defense.[1] *See, e.g., Absolute Activist Value Master Fund Ltd. v. Devine*, No. 2:15-cv-328-JES-MRM, at Doc. 526 at 26 (M.D. Fla. Feb. 26, 2017) ("While Plaintiffs state that the factual allegations are based on their counsels' investigations and analysis, at no point do Plaintiffs indicate that they intend to *rely* on that investigation to prove their claims.") (emphasis original), *objections overruled by* 2017 WL 1830569, at *6. The Court does not find that Plaintiff's allegations in the Complaint, standing alone, "constitute an **offensive, selective waiver of privilege** that entitles [Defendants] to discover the privileged material." *Knox*, 957 F.3d at 1249 (emphasis added).

Finally, the Court notes that it does not appear that allowing "the privilege to protect against disclosure of [this] information would be manifestly unfair to the opposing party." *Cox*, 17 F.3d at 1417 (quoting *Conkling*, 883 F.2d at 434). Defendants appear to be attempting to gather evidence regarding Plaintiff's knowledge of the alleged unlawful scheme through alternate, non-privileged means, so it is unclear how nondisclosure of this particular document would be manifestly unfair to Defendants.[2] *See* Doc. 127 at 2; Doc. 128 at 1–2.

As one court in this District found when facing a similar situation:

> [T]he Court declines to find that waiver of privilege by implication has occurred merely because advice from counsel may be relevant or because Plaintiff's state of mind may be at issue. Plaintiffs have not taken the affirmative step to assert a claim that they are attempting to prove with reference to an attorney-client communication. Thus, consistent with *Cox*, the Court cannot find that Plaintiffs have injected an issue into the litigation which would in fairness give rise to an implied waiver of any privilege.

---

[1] The Court also notes that Plaintiff represents that it "expressly disclaims any intent to rely on any privileged documents in support of its case." Doc. 139 at 1.

[2] The Court has also reviewed this particular document *in camera*, but this review does not change the Court's analysis.

*Devine*, No. 2:15-cv-328-JES-MRM, at Doc. 526 at 29.  For largely the same reasons as the *Devine* court, here the Court cannot find that Plaintiff has "injected an issue into the litigation which would in fairness give rise to an implied waiver of any privilege."  *Id.* (citing *Cox*, 17 F.3d at 1419).

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that the Motion (Doc. 132) is **DENIED**.

**ORDERED** in Orlando, Florida on December 1, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE