# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HUMANA INC.,

    Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC., *et al.*,

    Defendants.

Case No. 6:21-cv-72-Orl-41DCI

## TEVA DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. (collectively, "Teva"), pursuant to Local Rule 3.01(i), hereby file this Notice of Supplemental Authority with respect to Teva's pending Motion to Dismiss [ECF No. 32] (p. 16, ¶ 3):

*Humana, Inc. v. Indivior, Inc. et al.*, No. 21-2573, ECF No. 69 (3d Cir. Dec. 15, 2022) (Roth, J.) (non-precedential):

> The District Court dismissed the Insurers' complaints because it found that the Insurers' RICO claims turned on an indirect injury that they suffered from being end-payors. The court concluded that the Insurers do not have RICO standing to assert their primary theory: that the Insurers "suffered injuries when [they] reimbursed prescriptions for Suboxone." For that reason, they suffered no direct injury from defendants' alleged RICO scheme. Thus, the District Court held that the Insurers lacked RICO standing under the indirect-purchaser rule.
>
> As mentioned above, this characterization of the Insurers' position aligns with the definition of a "third-party payor," which comprises those who are barred from recovery in a RICO action by the indirect-purchaser rule. The Supreme

> Court first recognized that plaintiffs, asserting Clayton Act violations, cannot demonstrate an injury by providing evidence of being an "indirect purchaser." The Court instituted the indirect-purchaser rule because pecuniary recoveries by indirect purchasers would "transform treble-damages actions into massive multiparty litigations involving many levels of distribution and including large classes of ultimate consumers remote from the defendant." We later recognized in *McCarthy* that the same policy concerns apply to RICO cases. Thus, the indirect-purchaser rule is applicable here.
>
> The main theory advanced in the Insurers' complaints is a textbook indirect-purchaser theory: They seek redress for injuries suffered because their insureds purchased Suboxone film and the Insurers reimbursed those purchases. In their complaints, the Insurers allege that defendants "marketed, sold, purchased, or provided Suboxone film to thousands of individuals" and that the Insurers "suffered injuries when [they] reimbursed prescriptions for Suboxone [film] that otherwise would not have been made and/or paid the higher prices that resulted from illegal conduct." In that way, based on the Insurers' complaints, the injury that the Insurers purportedly suffered came from the "reimbursed prescriptions." Such a claim is barred by the indirect-purchaser rule.

*Id.* at 8-9 (internal citations omitted).

Dated: December 16, 2022                                          Respectfully submitted,

|  |  |
|---|---|
| Troy Brown (*pro hac vice*) <br> troy.brown@morganlewis.com <br> William McEnroe (*pro hac vice*) <br> william.mcenroe@morganlewis.com <br> Harvey Bartle IV (*pro hac vice*) <br> harvey.bartle@morganlewis.com <br> Matthew Klayman (*pro hac vice*) <br> matthew.klayman@morganlewis.com | */s/ Alison Tanchyk* <br> Alison Tanchyk (Fla. 112211) <br> alison.tanchyk@morganlewis.com <br> Justin Stern (Fla. 1010139) <br> justin.stern@morganlewis.com <br> Morgan, Lewis & Bockius LLP <br> 600 Brickell Avenue, Suite 1600 <br> Miami, FL 33131-3075 <br> Tel: 305.415.3444 |

Michaela Dragalin Young (*pro hac vice*)  
michaela.young@morganlewis.com  
Richard Shephard (*pro hac vice*)  
richard.shephard@morganlewis.com  
Morgan, Lewis & Bockius LLP  
1701 Market Street  
Philadelphia, PA 19103-2921  
Tel: 215.963.5000

*Counsel for Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2022, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel for all parties of record.

*/s/ Alison Tanchyk*
Alison Tanchyk