**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HUMANA INC.,**

    **Plaintiff,**

**v.**                **Case No: 6:21-cv-72-CEM-DCI**

**TEVA PHARMACEUTICALS USA,**
**INC., TEVA NEUROSCIENCE, INC.,**
**ADVANCED CARE SCRIPTS INC. and**
**ASSISTRX, INC.,**

    **Defendants.**

---

**ORDER**

This cause comes before the Court for consideration on the following motion:

| | |
|---|---|
| **MOTION:** | **Renewed Motion to Compel Response to Interrogatory No. 3 to Teva Defendants (Doc. 185)** |
| **FILED:** | **December 27, 2022** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I.  Background

On December 5, 2022—three days before the discovery deadline closed—Plaintiff moved to compel responses to its Second Set of Interrogatories (ROG) Nos. 3 and 4. Doc. 162. The Court set that motion for a hearing. Doc. 173. Before that hearing, the parties resolved their dispute as to ROG No. 4. Doc. 181. The parties also narrowed the scope of ROG No. 3 such that Plaintiff only sought Canadian Copaxone pricing data. On December 21, 2022, the Court held a hearing regarding the ROG No. 3 dispute. Doc. 184. The Court found that additional briefing was

necessary, so the Court ordered that the parties file additional briefing fully addressing the ROG No. 3 dispute.  *Id.*  The parties did.  Doc. 185 (the Motion).  Now before the Court is the fully briefed Motion, in which Plaintiff seeks Canadian Copaxone pricing data responsive to ROG No. 3.  *Id.*  The Court held a hearing on the Motion on January 11, 2023.

At the hearing, the Court ruled on some issues but took the "control" issue under advisement.  Specifically, the Court ruled that Teva[1] shall review and produce any responsive information (or if appropriate, responsive documents, Fed. R. Civ. P. 33(d)) from the roughly 9,300 documents it possesses that were hit by search terms.  Teva shall make this production on or before January 23, 2023.  Plaintiff will then have seven days from the date of the production to supplement its expert report.  As it relates to the "Canada" folder on Teva's server, the Court ruled that Teva shall access that folder and shall produce any information (or if appropriate, documents) from it responsive to ROG No. 3.  To the extent Teva asserts that it is unable to obtain access to that folder, the Court may hold an evidentiary hearing on that issue, which may in turn cause the Court to reconsider its finding as to Teva's control over Teva Canada.  However, the Court will not place Teva in a catch-22; if Teva obtains access to this folder, the Court will not reconsider its control finding on that basis.  Having summarized the Court's rulings at the hearing, the Court turns to the issue of control.

## II.    Discussion

Federal Rule of Civil Procedure 34(a) requires a party to produce documents responsive to a request for production so long as those documents are in the party's "possession, custody, or control."  "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).  Courts have

---

[1] "Teva" refers to Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc.

considered documents to be under a party's control when the party has the "right, authority, or practical ability to obtain the materials sought on demand." *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. Nov. 17, 2011) (citations omitted).  Further, "it is well-established that Rules 33 and 34 are 'equally inclusive in their scope.' . . . [so] the principles governing Defendants' obligation to respond to Plaintiff's interrogatories is the same as those governing" an obligation to respond to document requests. *Id.* (citation omitted).

Courts look to the following factors to determine control: "(1) the corporate structure of the party and the nonparties; (2) the nonparties' connection to the transaction at issue in the litigation; and (3) the degree to which the nonparties benefit from the outcome of the litigation." *Id.* (citation omitted).  "The burden is on the party seeking discovery to establish that the opposing party has 'control' over documents held by an affiliate." *In re Zantac (Ranitidine) Products Liability Litigation*, 2021 WL 1522449, at *1 (S.D. Fla. Apr. 16, 2021) (citing *Costa*, 277 F.R.D. at 473 n.2).

The first factor is the corporate structure of the party and nonparty.  In evaluating this factor, courts look to: "(a) commonality of ownership, (b) exchange or intermingling of directors, officers or employees of the two corporations, (c) exchange of documents between the corporations in the ordinary course of business[.]" *In re Zantac*, 2021 WL 1522449, at *6 (citation omitted).  Here, Teva and Teva Canada share a common parent in Teva Pharmaceutical Industries Ltd.  However, "[i]t would be incongruous . . . to conclude that two subsidiaries (neither of which may have control over the parent) somehow have control over each other by virtue of having a common parent." *Id.* at *7.  So common ownership is not sufficient, without more, for the first factor to be present.

Plaintiff also contends that Teva is actually the parent company of Teva Canada, citing documents purporting to show the reporting structure of "Teva North America."  Doc. 185 At 11. The gravamen of this argument appears to be that members of Teva Canada were lower in the reporting structure of Teva North America than an employee of Teva, Mr. Downey.   In its response, Teva submitted a sworn affidavit clarifying that "'Teva North America' is a division, not an independently-registered corporate entity.  The Teva North America division includes Teva USA, Teva Neuro, and Teva Canada."  Doc. 195-1 at 3.  It is not readily apparent whether, or to what extent, the reporting structure of Teva North America is relevant in determining whether Teva controls Teva Canada.  For instance, the reporting structure itself says nothing about Mr. Downey's authority to direct Teva Canada to produce documents.  *See In re Zantac*, 2021 WL 1522449, at *7 ("Plaintiffs have not shown that the CEO of Apotex-Canada (whomever she/he may be) has the authority to direct Apotex-US to produce documents (or vice versa).").  And to be sure, Teva and Teva Canada formally share no officers or directors.  *See id.* ("[T]he existence of common officers creates an inference of agency or alter ego that suggests common control.").  In sum, the Court finds Plaintiff's argument on this point unpersuasive.

Plaintiff points to various documents that it asserts show that Teva and Teva Canada intermingle funds.  Doc. 185 at 13–14.  It is unclear if these expenditures relate to Teva Canada, as opposed to some other unnamed Canadian company, and moreover, these expenses appear to be relatively small amounts.  Further, Plaintiff has "not submitted any evidence that [these] expenditures relate (either directly or indirectly) to the claims in this lawsuit."  *In re Zantac*, 2021 WL 1522449, at *11.  Plaintiff also asserts that various other documents show that Teva receives Canadian Copaxone pricing data in the ordinary course of business.  These documents do contain Canadian Copaxone data, with some including Canadian Copaxone pricing at certain points in

time and some including general Canadian Copaxone revenue figures.  Teva did possess these documents and turn them over in discovery, which tends to show that Teva received some Canadian Copaxone data at some point during the relevant time period.  But at the same time, these documents span over a decade and Plaintiff has only identified a few documents[2] that reflect this data.  So, while these documents reflect that Teva may have occasionally received some Canadian Copaxone data over the years, they do not establish that Teva Canada provides Teva this information in the ordinary course of business or that Teva may obtain this data from Teva Canada on demand.  *Cf. Batista v. Nissan North America, Inc.*, 2015 WL 10550409, at *2 (S.D. Fla. Dec. 8, 2015) ("NNA, NML, and JATCO have a close working relationship on the common transaction at issue—they collectively designed, manufactured, and assembled defective CVTs in the vehicles at issue here. Moreover, in the ordinary course of business, NML provides NNA certain documents necessary to assemble and service Nissan vehicles in the United States.").

On balance, the first factor is a close call.  Plaintiff identifies some circumstantial evidence relevant to the first factor, but this evidence is insufficient to establish that the first factor is met. Plaintiff bears the burden here, and the Court finds that Plaintiff did not meet its burden.  *See Costa*, 277 F.R.D. 468, 473 n.2 ("The burden is on the party seeking discovery to establish that the opposing party has "control" over documents held by an affiliate.") (citation omitted).

While the first factor is a close call, the second and third factors are not.  The second factor is Teva Canada's connection to the transaction at issue in this litigation.  There is no evidence that Teva Canada had any connection to Teva's donations to multiple sclerosis copay assistance

---

[2] The Court finds the appendices attached to the Motion, which contain Plaintiff's perfunctory and unilateral characterizations of various documents (but which do not attach the documents themselves) to be unhelpful and unpersuasive.  The Court gives no weight to these appendices.

foundations in the United States.  There is also no evidence that Teva Canada provided Canadian Copaxone pricing data to Teva in order for Teva to set United States Copaxone prices.[3]  Thus, Plaintiff has not established that the second factor is present.

The third factor is the degree to which Teva Canada would benefit from the outcome of the litigation.  Plaintiff supposes that, because Teva and Teva Canada have a common parent, Teva Canada has a direct financial interest in the outcome of the litigation.[4]  However, Plaintiff has not established that Teva Canada (again, a nonparty to this case) is potentially liable for a verdict against Teva or otherwise has a financial interest in this case.  *Cf. Batista v. Nissan North America, Inc.*, 2015 WL 10550409, at *3 (S.D. Fla. Dec. 8, 2015) (finding third factor met where "the parties agree that [the nonparty] may ultimately be responsible for damages to the class[.]"); *see In re Zantac*, 2021 WL 1522449, at *11 ("Plaintiffs have not shown that Apotex-Canada could be liable for a verdict against Apotex-US, which further undercuts the idea that Apotex-US controls the records of Apotex-Canada.").  Thus, Plaintiff has not established that the third factor is present.

Accordingly, the Court finds that the *Costa* factors are not present, and therefore the Court finds that Plaintiff has not established that Teva controls Teva Canada for the purposes of the discovery at issue in the Motion.

---

[3] Plaintiff contends that Copaxone pricing was set according to a global strategy, Teva contributed to the global strategy, and therefore Teva has access to global Copaxone pricing, including from Canada.  Plaintiff's evidence falls short of establishing that Teva and Teva Canada "exchange these types of documents in the ordinary course of business."  *In re Takata Airbag Products Liability Litigation*, 2017 WL 8812733, at *5 (S.D. Fla. Feb. 16, 2017).  Teva has also submitted credible evidence in a sworn affidavit in which it disclaims that it and Teva Canada exchange pricing data in the ordinary course of business.  Doc. 195-14.

[4] To the extent Plaintiff asserts that the third factor is present *per se* because Teva and Teva Canada have a common parent, the Court finds this assertion unpersuasive.

Further, the Court notes the circumstances underlying Plaintiff's failure to carry its burden. Plaintiff did not serve the ROGs until October 28, 2022—seventeen months into the discovery period and five weeks before the discovery deadline.  Doc. 185-4 at 6.  Teva had 30 days to respond to the ROGs.  Fed. R. Civ. P. 33(b)(2).  So, to the extent Plaintiff complains that it did not have an adequate opportunity to probe Teva's control over Teva Canada, Plaintiff foreclosed itself from that opportunity by serving the ROGs so late in the discovery period.  The Court also notes that by not seeking this information until so late in the discovery period, Plaintiff foreclosed itself from pursuing alternative means of obtaining this information.  For instance, Plaintiff could have sought the information from the parent company directly.  Plaintiff also could have requested that the Court issue a letter rogatory to Teva Canada.  But Plaintiff left itself no time to take advantage of these alternative, more direct means of obtaining the information; instead, Plaintiff attempted to shoehorn a Rule 45 subpoena into a Rule 33 interrogatory.  Here, it proved to be a poor fit.

As a final matter, Teva filed an unopposed motion to seal portions of the Motion.  Doc. 198 (the Motion to Seal).  Upon review, the Motion to Seal is due to be granted.  On or before January 26, 2023, the parties shall file the unsealed documents on the docket and shall file the sealed documents under seal.  The documents shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted.  *See* Local Rule 1.11(f).

### III.    Conclusion

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that:

1) The Motion (Doc. 185) is **GRANTED in part and DENIED in part**, such that:

    a. **On or before January 23, 2023,** Teva shall review and produce responsive information from the roughly 9,300 documents it possesses that were hit by search terms;

    b. **On or before January 23, 2023,** Teva shall review and produce responsive information from the Canada folder on its server;

    c. Plaintiff will have seven days from the date of Teva's production to supplement its expert report; and

    d. The Motion (Doc. 185) is **DENIED** in all other respects.[5]

2) The Motion to Seal (Doc. 198) is **GRANTED**, such that:

    a. **On or before January 26, 2023**, the parties shall file the unsealed documents on the docket and shall file the sealed documents under seal; and

    b. The documents shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted.  *See* Local Rule 1.11(f).

**ORDERED** in Orlando, Florida on January 20, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court finds that attorney fees are not warranted here, Teva's position was substantially justified.  Fed. R. Civ. P. 37(a)(5).